IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP NEGRON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 CV 3288 |
| | ) | |
| v. | ) | Honorable Harry D. Leinenweber |
| | ) | Magistrate Jeffrey T. Gilbert |
| VILLAGE OF MELROSE PARK, JOHN SCATCHELL, and SAM PITASSI, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF MATERIAL UNDISPUTED FACTS**

Defendants submit this statement of facts pursuant to Local Rule 56.1(a)(3), as to which they contend there is no genuine issue, entitling the moving party Defendants to judgment as a mater of law on the basis of judicial estoppel and standing.

**A.     Parties**

1. Plaintiff Phillip Negron is a police officer employed by the Village of Melrose Park (Defendants' Answer to First Am. Compl. ¶ 3, attached hereto as Exhibit A).

2. Defendant Village of Melrose Park is a municipality and has its principal place of business at 1000 North 25th Avenue, Melrose Park, Cook County, Illinois (Ex. A, Defendants' Answer to First Am. Compl. ¶ 4).

3. Defendant Sam Pitassi is the Chief of Police employed by the Village of Melrose Park (Ex. A, Defendants' Answer to First Am. Compl. ¶ 6).

4. Defendant John Scatchell is a Lieutenant employed by the Village of Melrose Park (Ex. A, Defendants' Answer to First Am. Compl. ¶ 5).

**B.     Plaintiff's EEOC Charges and Lawsuit**

5.     On March 30, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Melrose Park discriminated against him on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 (Ex. A, Defendants' Answer to First Am. Compl. ¶ 27) (March 30, 2012, EEOC Charge, attached hereto as Exhibit B).

6.     On April 16, 2012, April 24, 2012, and May 16, 2012, Plaintiff filed supplemental charges of discrimination alleging that Melrose Park discriminated and retaliated against him on the basis of race and national origin, as well as claims of hostile work environment and retaliation (April 16, 2012, April 24, 2012, and May 16, 2012, EEOC Supplemental Charges, attached hereto as Group Exhibit C).

7.     On May 2, 2012, Plaintiff filed this lawsuit seeking money damages for purported civil rights violations under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e-2 & 3(a) (Compl., Attached hereto as Exhibit D).

8.     On August 17, 2012, Plaintiff filed an Amended Complaint for money damages under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-2 & 3(a) (Am. Compl., attached hereto as Exhibit E).

**C.     Plaintiff's Bankruptcy Petition**

9.     On April 16, 2012, Plaintiff filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 12-15318 (Plaintiff's Bankruptcy Petition, attached hereto as Exhibit F).

10. In Plaintiff's Bankruptcy Petition, Plaintiff scheduled to be discharged without payment a debt total $429,285.00 (Ex. F, Plaintiff's Bankruptcy Petition).

11. In Plaintiff's Statement of Financial Affairs attached to his Bankruptcy Petition, the following information was requested from the Plaintiff:

> **4. Suits and administrative proceedings, executions, garnishments and attachments**
>
> a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

In response to the above request, Plaintiff listed "None," (Ex. F, Plaintiff's Bankruptcy Petition).

12. In Plaintiff's Schedule B-Personal Property Section of Plaintiff's Bankruptcy Petition, the following information was requested from the Plaintiff:

> **21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.**

In response to the above request, Plaintiff listed "None," (Ex. F, Plaintiff's Bankruptcy Petition).

13. Plaintiff declared under penalty of perjury that he read the answers contained in both the Schedule B and Statement of Financial Affairs and that all of the statements contained within his bankruptcy petition were true and accurate (Ex. F, Plaintiff's Bankruptcy Petition).

14. On June 20, 2012, Plaintiff participated in a Rule 341 Meeting of the Creditors (Rule 341 Mtg. Of Creditors, Audio Recording attached hereto as Exhibit G).

15. During the Rule 341 meeting, the bankruptcy trustee, Alex D. Moglia, asked Plaintiff if he had filed or intended to file any lawsuits, to which Plaintiff responded "No," (Ex. G, Rule 341 Mtg. Of Creditors, Audio Recording, 4:30-4:33).

16. At the June 20, 2012, Meeting of the Creditors, Plaintiff was under oath and declared under penalty of perjury that his answers were true and accurate (Ex. G, Rule 341 Mtg. Of Creditors, Audio Recording, 0:55).

17. On September 4, 2012, Plaintiff was discharged from his debt of $429,285.00 (Bankruptcy Order dated 9/04/2012, attached hereto as Exhibit H).

18. On September 7, 2012, Plaintiff's bankruptcy estate was terminated (Bankruptcy Docket Sheet, Case #12-15318, attached hereto as Exhibit I).

Respectfully submitted,

 s/Michael D. Bersani
MICHAEL D. BERSANI, Atty Bar No. 06200897
ANTHONY G. BECKNEK, Atty No. 6305451
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
abecknek@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP NEGRON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 CV 3288 |
| | ) | |
| v. | ) | Honorable Harry D. Leinenweber |
| | ) | Magistrate Jeffrey T. Gilbert |
| VILLAGE OF MELROSE PARK, JOHN SCATCHELL, and SAM PITASSI, | ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I electronically filed the foregoing ***Defendants' Statement of Material Undisputed Facts*** with the Clerk of the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**TO:** Christopher C. Cooper, Law Office of Christopher Cooper, 500 N. Michigan Ave., Suite 1514, Chicago, IL 60611, cooperlaw3234@gmail.com.

Mr. David Sigale, Law Firm of David G. Sigale, P.C., 739 Roosevelt Road, Suite 304, Glen Ellyn, IL 60137. dsigale@sigalelaw.com

<u>s/ Michael D. Bersani</u>
MICHAEL D. BERSANI, Atty No. 06200897
ANTHONY G. BECKNEK, Atty No. 06305451
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
mbersani@hcbattorneys.com
abecknek@hcbattorneys.com

5